

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN, TEXAS 78711

WAGGONER CARR
ATTORNEY GENERAL

November 15, 1963

Honorable William H. Hunter          Opinion No. C-178
District Attorney
69th Judicial District               Re: Construction of House Bill
Dalhart, Texas                            395, Acts 1963, 58th Leg.,
                                          R.S., Ch. 327, p. 857.

Dear Mr. Hunter:

        We are in receipt of your request for opinion regarding
our construction of House Bill 395 of the 58th Legislature, codi-
fied as Article 6252-14 of Vernon's Civil Statutes. The Commis-
sioners' Court of Deaf Smith County is considering the establishment
of a retirement program for county employees age 65 and desires our
opinion in connection with House Bill 395.

        House Bill 395 of the 58th Legislature states as follows:

        "Section 1. It is hereby declared to be the
policy of the State of Texas that <u>no person shall
be denied the right to work</u>, to earn a living, and
to support himself and his family <u>solely because of
age</u>.

        "Sec. 2. <u>No</u> agency, board, commission, depart-
ment, or institution of the government of the State
of Texas, nor any <u>political subdivision of the State
of Texas shall establish a maximum age under sixty-
five (65) years nor a minimum age over twenty-one (21)
years for employment</u>, nor shall any person who is a
citizen of this State be denied employment by any such
agency, board, commission, department or institution
or any political subdivision of the State of Texas
solely because of age; <u>provided, however, nothing in
this Act shall be construed to prevent the imposition
of minimum and maximum age restrictions for law en-
forcement peace officers or for fire-fighters; pro-
vided, further, that the provisions of this Act shall
not apply to institutions of higher education with es-
tablished retirement programs</u>." (Emphasis added)

        In Section 1 of the statute in question the Legislature
has declared it to be the policy of the State that no person shall
be refused employment solely because of age. Section 2 of the Act
places maximum and minimum limits on the State or its subdivisions

in using age alone as a basis for denial of employment.  Since the Commissioners' Court of Deaf Smith County does not desire to place the maximum age limit under sixty-five years of age, it is clear that they may do so within the provisions of House Bill 395.  The only restriction on the maximum age limit which they must consider in the establishment of their retirement program is that the age for <u>compulsory</u> retirement cannot be under sixty-five years.

### SUMMARY

The Commissioners' Court of Deaf Smith County may establish a retirement program for county employees as long as the age for compulsory retirement is not under sixty-five years.  Article 6252-14, V.C.S.

Yours very truly,

WAGGONER CARR
Attorney General

By Fred D. Ward

Fred D. Ward
Assistant

FDW:wb

APPROVED:
OPINION COMMITTEE

W. V. Geppert, Chairman
Malcolm Quick
Mary K. Wall
James M. Strock

APPROVED FOR THE ATTORNEY GENERAL

BY:  Stanton Stone